UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACEY WATSON,

                         Plaintiff,

      v.

NEW YORK STATE UNITED TEACHERS
 UNION LOCAL LIBRARIANS ASSOCIATION
 OF THE BUFFALO AND ERIE COUNTY
 PUBLIC LIBRARY,

                       Defendant.
_____

**DECISION
and
ORDER**

**23-CV-356-JLS-LGF**

| APPEARANCES: | TRACEY WATSON, *Pro se*<br>14460 Falls of Neuse Road<br>Suite 149-105<br>Raleigh, North Carolina, 27614<br><br>NEW YORK STATE UNITED TEACHERS<br>OFFICE OF GENERAL COUNSEL<br>Attorneys for Defendant<br>JENNA S. BURKE<br>270 Essjay Road<br>Williamsville, New York  14221<br>             and<br>JENNIFER NICOLE COFFEY, of Counsel<br>800 Troy-Schenectady Road<br>Latham, New York  12110-2455 |
|---|---|

On April 21, 2023, Plaintiff Tracey Watson ("Plaintiff"), proceeding *pro se*, commenced this employment discrimination action with the filing of a Complaint asserting claims against Defendant New York State United Teachers Union Local Librarians Association of the Buffalo and Erie County Public Library ("Defendant" or "the Union"), pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff's Complaint was accompanied by a motion for leave to proceed *in forma pauperis* ("IFP") (Dkt. 2) ("IFP

motion"). On April 24, 2023, Plaintiff moved for appointment of counsel (Dkt. 3) ("Plaintiff's motion"). In an Order filed February 18, 2025, Honorable John L. Sinatra, Jr., granted Plaintiff's IFP motion and screened the Complaint as required by 28 U.S.C. § 1915(a), determining the Complaint presents "colorable claims" that survive screening (Dkt. 6) ("Screening Order"). On February 19, 2025, Judge Sinatra referred the matter to the undersigned (Dkt. 8). Defendant takes no position on Plaintiff's motion.

Although there is no constitutional right to appointed counsel in civil cases, under 28 U.S.C. § 1915(e), the court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include whether (1) the indigent's claims seem likely to be of substance; (2) the indigent is able to investigate the crucial facts concerning her claim; (3) conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) the legal issues involved are complex; and (5) there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the court must first look to the "likelihood of merit" of

2

the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Here, the court has carefully reviewed the Complaint and finds that despite the Screening Order's determination that Plaintiff's claims are not frivolous and, thus, are "colorable" so as to survive dismissal under § 1915(e)(2), the exhibits attached to the Complaint demonstrate that the crucial facts necessary to establish Plaintiff's claims, as well as any conflicting evidence Defendants may present, should be within Plaintiff's ability to investigate.  Further, the legal issues involved, specifically, whether Defendant failed to provide Plaintiff with any representation to which Plaintiff was entitled pursuant to the Union's contract, are not complex and Plaintiff fails to identify any special reasons why appointment of counsel would be more likely to lead to a just determination.

Based on this review, the court finds the Complaint does not warrant assignment of counsel. Plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.  To assist plaintiff in pursuing this case *pro se*, the Clerk of Court is directed to send plaintiff the court's booklet entitled *Pro Se* Litigation Guidelines.

4

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for appointment of counsel (Dkt. 3) is DENIED without prejudice. The Clerk of Court is DIRECTED to send plaintiff the court's *Pro Se* Litigation Guidelines booklet.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    June 4, 2025
          Buffalo, New York

**Pursuant to Fed.R.Civ.P. 72(a), Petitioner shall have fourteen (14) days from service of this Decision and Order to file written objections with the District Judge.**